IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ERIK GARCIA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| vs. | ) | |
| | ) | Case No. 4:26-CV-02116 |
| FEDERAL/MAIN LINE PROPERTIES LIMITED | ) | |
| PARTNERSHIP and | ) | |
| VIET NOM NOMS RESTAURANTS LLC, | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT**

COMES NOW, ERIK GARCIA, by and through the undersigned counsel, and files this, his Complaint against Defendants, FEDERAL/MAIN LINE PROPERTIES LIMITED PARTNERSHIP and VIET NOM NOMS RESTAURANTS LLC, pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG"). In support thereof, Plaintiff respectfully shows this Court as follows:

**JURISDICTION**

1. This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims pursuant to 42 U.S.C. § 12181 *et seq.*, based upon Defendants' FEDERAL/MAIN LINE PROPERTIES LIMITED PARTNERSHIP and VIET NOM NOMS RESTAURANTS LLC, failure to remove physical barriers to access and violations of Title III of the ADA.

**PARTIES**

2.      Plaintiff ERIK GARCIA (hereinafter "Plaintiff") is and has been at all times relevant to the instant matter, a natural person residing in Houston, Texas (Harris County).

3.      Plaintiff is disabled as defined by the ADA.

4.      Plaintiff is required to traverse in a wheelchair and is substantially limited in performing one or more major life activities, including but not limited to: walking, standing, grabbing, grasping and/or pinching.

5.      Plaintiff uses a wheelchair for mobility purposes.

6.      In addition to being a customer of the public accommodation on the Property, Plaintiff is also an independent advocate for the rights of similarly situated disabled persons and is a "tester" for the purpose of enforcing Plaintiff's civil rights, monitoring, determining and ensuring whether places of public accommodation are in compliance with the ADA.  His motivation to return to a location, in part, stems from a desire to utilize ADA litigation to make Plaintiff's community more accessible for Plaintiff and others; and pledges to do whatever is necessary to demonstrate the plausibility of Plaintiff returning to the Property once the barriers to access identified in this Complaint are removed in order to strengthen the already existing standing to confer jurisdiction upon this Court so an injunction can be issued correcting the numerous ADA violations on this property. ("Advocacy Purposes").

7.      Defendant, FEDERAL/MAIN LINE PROPERTIES LIMITED PARTNERSHIP (hereinafter "FEDERAL/MAIN LINE PROPERTIES LIMITED PARTNERSHIP") is a Texas limited partnership that transacts business in the State of Texas and within this judicial district.

8.      Defendant, FEDERAL/MAIN LINE PROPERTIES LIMITED PARTNERSHIP, may be properly served with process via its Registered Agent for service, to wit:  c/o Toubins,

2

Inc., Registered Agent, 807 Spinn Street, Brenham, TX 77833.

9.    Defendant, VIET NOM NOMS RESTAURANTS LLC (hereinafter "VIET NOM NOMS RESTAURANTS LLC") is a Texas limited liability company that transacts business in the State of Texas and within this judicial district.

10.    Defendant, VIET NOM NOMS RESTAURANTS LLC, may be properly served with process via its Registered Agent for service, to wit:  c/o Paul Trong Huynh, Registered Agent, 5710 Post Oak Manor Drive, Houston, TX 77085.

## FACTUAL ALLEGATIONS

11.    On or about October 16, 2025, Plaintiff was a customer at "Viet Nom Noms," a Vietnamese diner located at 5221 Bellaire Blvd., Bellaire, TX 77401, referenced herein as "Viet Nom Noms".  *See* receipt attached hereto as Exhibit 1.  Also see photograph of Plaintiff's visit attached hereto as Exhibit 2.

12.    Prior to the filing of this lawsuit but after his October 16, 2025, visit to Viet Nom Noms, Plaintiff again travelled to the Property to be a return customer of Viet Nom Noms, but due to the fact the parking lot was full and there was no access route leading from the parking lot to the entrances, Plaintiff was unable to patronize Viet Nom Noms and is currently deterred from returning to the Property until the barriers to access identified in this Complaint are removed.

13.    Defendant, FEDERAL/MAIN LINE PROPERTIES LIMITED PARTNERSHIP, is the owner or co-owner of the real property and improvements that Viet Nom Noms is situated upon and that is the subject of this action, referenced herein as the "Property."

14.    Defendant, VIET NOM NOMS RESTAURANTS LLC, is the lessee or sublessee of the real property and improvements that Viet Nom Noms is situated upon and is the subject of this action.

3

15. Defendant, FEDERAL/MAIN LINE PROPERTIES LIMITED PARTNERSHIP, is responsible for complying with the ADA for both the exterior portions and interior portions of the Property. Even if there is a lease between Defendant, FEDERAL/MAIN LINE PROPERTIES LIMITED PARTNERSHIP, and a tenant allocating responsibilities for ADA compliance within the unit the tenant operates, that lease is only between the property owner and the tenant and does not abrogate the Defendant's requirement to comply with the ADA for the entire Property it owns, including the interior portions of the Property which are public accommodations. *See* 28 CFR § 36.201(b).

16. Plaintiff's access to Viet Nom Noms and other businesses at the Property, located at 5221 Bellaire Blvd., Bellaire, TX  77401, Harris County Property Appraiser's property identification numbers:  0070580470004 and 0070580470003 ("the Property"), and/or full and equal enjoyment of the goods, services, foods, drinks, facilities, privileges, advantages and/or accommodations offered therein were denied and/or limited because of his disabilities, and he will be denied and/or limited in the future unless and until Defendant is compelled to remove the physical barriers to access and correct the ADA violations that exist at the Property, including those set forth in this Complaint.

17. Although the Property is comprised of separate parcels, it should be considered as one "Property" or "Site" for ADA purposes as both Parcels are owned by the Defendant, a single building runs through both parcels, the parking lots serve both parcels and there are no open or notorious markings which would lead a reasonable person to believe each parcel is separate and/or independent.

18. Plaintiff lives less than 4 miles from the Property.

19.    Given the close vicinity of the Property to the Plaintiff's residence, Plaintiff often travels by the Property.

20.    Plaintiff has visited the Property four times before as a customer and advocate for the disabled.  Plaintiff intends to revisit the Property after the barriers to access detailed in this Complaint are removed and the Property is accessible again.  The purpose of the revisit is to be a return customer of Viet Nom Noms, to determine if and when the Property is made accessible and to substantiate already existing standing for this lawsuit for Advocacy Purposes.

21.    Plaintiff intends on revisiting the Property to purchase food and/or services as a return customer as well as for Advocacy Purposes but does not intend to re-expose himself to the ongoing barriers to access and engage in a futile gesture of visiting the public accommodation known to Plaintiff to have numerous and continuing barriers to access.  As such, Plaintiff is deterred from returning until the barriers to access are removed.

22.    Plaintiff travelled to the Property as a customer four times before as a customer, personally encountered many barriers to access the Property that are detailed in this Complaint, engaged many barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury if all the illegal barriers to access present at the Property identified in this Complaint are not removed.

23.    Plaintiff personally encountered each and every barrier to access identified in Plaintiff's Complaint. Plaintiff became aware of all identified barriers prior to filing the Complaint and because Plaintiff intends on revisiting the Property as a customer and advocate for the disabled within six months or sooner after the barriers to access are removed, it is likely that despite not actually encountering a particular barrier to access on one visit, Plaintiff may encounter a different barrier to access identified in the Complaint in a subsequent visit as, for

example, one accessible parking space may not be available and he would need to use an alternative accessible parking space in the future on his subsequent visit.  As such, all barriers to access identified in the Complaint must be removed in order to ensure Plaintiff will not be exposed to barriers to access and legally protected injury.

24.     Plaintiff's inability to fully access the Property and the stores in a safe manner and in a manner which inhibits the free and equal enjoyment of the goods and services offered at the Property, both now and into the foreseeable future, constitutes an injury in fact as recognized by Congress and is historically viewed by Federal Courts as an injury in fact.

**COUNT I**
**VIOLATIONS OF THE ADA AND ADAAG**

25.     On July 26, 1990, Congress enacted the Americans with Disabilities Act 42 U.S.C. § 12101 *et seq*.

26.     Congress found, among other things, that:

(i)     some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;

(ii)    historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

(iii)   discrimination against individuals with disabilities persists in such critical areas as employment, housing public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services;

(iv)    individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser service, programs, activities, benefits, jobs, or other opportunities; and

6

(v)    the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

42 U.S.C. § 12101(a)(1) - (3), (5) and (9).

27.    Congress explicitly stated that the purpose of the ADA was to:

(i)    provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii)    provide a clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and

\* \* \* \* \*

(iv)    invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 U.S.C. § 12101(b)(1)(2) and (4).

28.    The congressional legislation provided places of public accommodation one and a half years from the enactment of the ADA to implement its requirements.

29.    The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

30.    The Property is a public accommodation and service establishment.

31.    Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice and Office of Attorney General promulgated federal regulations to implement the requirements of the ADA. 28 C.F.R. Part 36.

32.    Public accommodations were required to conform to these regulations by January 26, 1992 (or by January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of

$500,000 or less). 42 U.S.C. § 12181 *et seq.*; 28 C.F.R. § 36.508(a).

33.     The Property must be, but is not, in compliance with the ADA and ADAAG.

34.     Plaintiff has attempted to, and has to the extent possible, accessed the Property in his capacity as a customer at the Property and as an independent advocate for the disabled, but could not fully do so because of his disabilities resulting from the physical barriers to access, dangerous conditions and ADA violations that exist at the Property that preclude and/or limit his access to the Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

35.     Plaintiff intends to visit the Property again as a customer and as an independent advocate for the disabled, in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations commonly offered at the Property, but will be unable to fully do so because of his disability and the physical barriers to access, dangerous conditions and ADA violations that exist at the Property that preclude and/or limit his access to the Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

36.     Defendants, FEDERAL/MAIN LINE PROPERTIES LIMITED PARTNERSHIP and VIET NOM NOMS RESTAURANTS LLC, have discriminated against Plaintiff (and others with disabilities) by denying his access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Property, as prohibited by, and by failing to remove architectural barriers as required by, 42 U.S.C. § 12182(b)(2)(A)(iv).

8

37.     Defendants, FEDERAL/MAIN LINE PROPERTIES LIMITED PARTNERSHIP and VIET NOM NOMS RESTAURANTS LLC, will continue to discriminate against Plaintiff and others with disabilities unless and until Defendants, FEDERAL/MAIN LINE PROPERTIES LIMITED PARTNERSHIP and VIET NOM NOMS RESTAURANTS LLC, are compelled to remove all physical barriers that exist at the Property, including those specifically set forth herein, and make the Property accessible to and usable by Plaintiff and other persons with disabilities.

38.     A specific list of unlawful physical barriers, dangerous conditions and ADA violations which Plaintiff experienced and/or observed that precluded and/or limited Plaintiff's access to the Property and the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of the Property include, but are not limited to:

**ACCESSIBLE ELEMENTS:**

i.      Despite having a parking lot that is open to the public with 31 total parking spaces (front and back parking lots), the Property has no accessible parking spaces complying with Section 502.1 of the 2010 ADAAG standards in violation of Section 208.2 of the 2010 ADAAG standards.  Given the fact the Property has 31 spaces, the Property should have a minimum of two accessible parking spaces, but it is zero. This barrier to access would make it difficult for Plaintiff to locate an accessible parking space and limited the travel options to visit the Property.

ii.     Due to the lack of an accessible ramp, a raised curb, and parking stops blocking a 36 inch clear width access route, the Property lacks an accessible route from parking spaces, accessible passenger loading zones, public streets,

sidewalks and/or public transportation stops to the accessible entrance of the Property in violation of Section 206.2.1 of the 2010 ADAAG standards. This barrier to access would make it difficult for Plaintiff to access the units of the Property and excludes disabled individuals from patronizing the public accommodations at the Property.

iii.    Between Units 5215 and 5217, there is a vertical rise in excess of ¼ inch along the accessible route in violation of Section 303.2 of the 2010 ADAAG standards. This barrier to access would make it dangerous and difficult for Plaintiff to access public features of the Property as vertical rise in excess of ¼ inch may cause Plaintiff's wheelchair to snag on the vertical rise and tip over.

iv.    Defendant fails to adhere to a policy, practice and procedure to ensure that all facilities are readily accessible to and usable by disabled individuals.

**VIET NOM NOMS RESTROOM**

v.    The door hardware of the accessible restroom entrance has operable parts which require tight grasping, pinching or twisting of the wrist in violation of Section 309.4 of the 2010 ADAAG standards. This barrier to access would make it difficult for Plaintiff and/or any disabled individual to utilize the restroom facilities because it is more difficult to open the restroom door.

vi.    The clear floor space of the lavatory is blocked by a policy of placing a trash can in the clear floor space in violation of 606.2 of the 2010 ADAAG standards. This barrier to access would make it difficult for the Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

10

vii.  Due to a policy of placing the trash can in front of the sink and adjacent to the door, when exiting, the restroom door lacks a clear minimum maneuvering clearance, due to the proximity of the door hardware within 18" of the adjacent trash can, in violation of Section 404.2.4 of the 2010 ADAAG standards.  This barrier to access would make it difficult for Plaintiff and/or any disabled individual to safely exit the restroom due to the fact individuals in wheelchairs have their feet sticking out in front of them and when there is inadequate clearance near the door (less than 18 inches), their protruding feet block their ability to reach the door hardware to open the door.

39.    The violations enumerated above may not be a complete list of the barriers, conditions or violations encountered by Plaintiff and/or which exist at the Property.

40.    Plaintiff requires an inspection of the Property in order to determine all of the discriminatory conditions present at the Property in violation of the ADA.

41.    According to the Harris County Property Appraiser, the Property was originally built in 1950, however, the "effective year built" for the Property is 2017, due to significant modifications, remodeling and construction at the Property that year.  As such, the proper standard governing removal of barriers to access should be the 2010 ADAAG Standard, not the readily achievable standard.

42.    The removal of the physical barriers, dangerous conditions and ADA violations alleged herein is readily achievable and can be accomplished and carried out without significant difficulty or expense. 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R. § 36.304.

43.     All of the violations alleged herein are readily achievable to modify to bring the Property into compliance with the ADA due to the fact the modifications necessary to cure the barriers to access identified in paragraph 38 of this Complaint are listed within 28 C.F.R. § 36.304 as readily achievable.

44.     Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at the Property is readily achievable because Defendants, FEDERAL/MAIN LINE PROPERTIES LIMITED PARTNERSHIP and VIET NOM NOMS RESTAURANTS LLC, have the financial resources to make the necessary modifications as the assessed collective value of the parcels comprising the Property is $1,888,164.00.

45.     The removal of the physical barriers and dangerous conditions present at the Property is also readily achievable because Defendants have available to it a $5,000.00 tax credit and up to a $15,000.00 tax deduction available from the IRS for spending money on accessibility modifications.

46.     Upon information and good faith belief, the Property has been altered since 2010.

47.     In instances where the 2010 ADAAG standards do not apply, the 1991 ADAAG standards apply, and all of the alleged violations set forth herein can be modified to comply with the 1991 ADAAG standards.

48.     Plaintiff is without adequate remedy at law, is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendants, FEDERAL/MAIN LINE PROPERTIES LIMITED PARTNERSHIP and VIET NOM NOMS RESTAURANTS LLC, are required to remove the physical barriers, dangerous conditions and ADA violations that exist at the Property, including those alleged herein.

49.     Plaintiff's requested relief serves the public interest.

50.     The benefit to Plaintiff and the public of the relief outweighs any resulting detriment to Defendants, FEDERAL/MAIN LINE PROPERTIES LIMITED PARTNERSHIP and VIET NOM NOMS RESTAURANTS LLC.

51.     Plaintiff's counsel is entitled to recover its reasonable attorney's fees and costs of litigation from Defendants, FEDERAL/MAIN LINE PROPERTIES LIMITED PARTNERSHIP and VIET NOM NOMS RESTAURANTS LLC, pursuant to 42 U.S.C. §§ 12188 and 12205.

52.     Pursuant to 42 U.S.C. § 12188(a), this Court is provided authority to grant injunctive relief to Plaintiff, including the issuance of an Order directing Defendants, FEDERAL/MAIN LINE PROPERTIES LIMITED PARTNERSHIP and VIET NOM NOMS RESTAURANTS LLC, to modify the Property to the extent required by the ADA.

WHEREFORE, Plaintiff prays as follows:

(a)     That the Court find Defendants, FEDERAL/MAIN LINE PROPERTIES LIMITED PARTNERSHIP and VIET NOM NOMS RESTAURANTS LLC, in violation of the ADA and ADAAG;

(b)     That the Court issue a permanent injunction enjoining Defendants, FEDERAL/MAIN LINE PROPERTIES LIMITED PARTNERSHIP and VIET NOM NOMS RESTAURANTS LLC, from continuing their discriminatory practices;

(c)     That the Court issue an Order requiring Defendants, FEDERAL/MAIN LINE PROPERTIES LIMITED PARTNERSHIP and VIET NOM NOMS RESTAURANTS LLC, to (i) remove the physical barriers to access and (ii) alter the subject Property to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA;

(d)　　That the Court award Plaintiff his reasonable attorneys' fees, litigation expenses and costs; and

(e)　　That the Court grant such further relief as deemed just and equitable in light of the circumstances.

Dated: March 16, 2026.　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　Law Offices of
　　　　　　　　　　　　　　　　THE SCHAPIRO LAW GROUP, P.L.

　　　　　　　　　　　　　　　　/s/  Douglas S. Schapiro
　　　　　　　　　　　　　　　　Douglas S. Schapiro, Esq.
　　　　　　　　　　　　　　　　Southern District of Texas ID No. 3182479
　　　　　　　　　　　　　　　　The Schapiro Law Group, P.L.
　　　　　　　　　　　　　　　　7301-A W. Palmetto Park Rd., #100A
　　　　　　　　　　　　　　　　Boca Raton, FL 33433
　　　　　　　　　　　　　　　　Tel: (561) 807-7388
　　　　　　　　　　　　　　　　Email: schapiro@schapirolawgroup.com